IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. H-07-213 |
| | § | |
| JUDY C. PONCEJA | § | |

ORDER OF DETENTION PENDING TRIAL

     In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Government moved for detention in this case. Defendant waived his right to a detention hearing. That waiver is entered in the record as Dkt. No. 13. I conclude that the following facts are established by a preponderance of the evidence and require the detention of the defendant pending trial in this case.

Findings of Fact

[ ] A.  Findings of Fact [18 U.S.C. § 3142(e), § 3142(f)(1)].

    [ ] (1)    The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

          [ ]    a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

          [ ]    an offense for which the maximum sentence is life imprisonment or death.

          [ ]    an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

          [ ]    a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

    [ ] (2)    The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

    [ ] (3)    A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding 1.

    [ ] (4)    Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. I further find that the defendant has not rebutted this presumption.

[ ]   B.   Findings of Fact [18 U.S.C. § 3142(e)]

   [ ] (1)   There is probable cause to believe that the defendant has committed an offense

   [ ]   for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C.
   (  ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

   [ ]   under 18 U.S.C. § 924(c).

   [ ] (2)   The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

[ x ]   C.   Findings of Fact [18 U.S.C. § 3142(f)(2)]

   [x] (1)   Defendant is charged with five firearms violations.

   [x] (2)   There is a serious risk that the defendant will flee.

   [x] (3)   Defendant represents a danger to the community.

   [ ] (4)   There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror, or attempt to do so).

[ x ]   D.   Findings of Fact [18 U.S.C. § 3142(c)]

   [ ] (1)   As a condition of release of the defendant, bond was set as follows:

   [ ] (2)

   [x] (3)   I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the appearance of the defendant as required.

   [x] (4)   I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of any other person or the community.

Written Statement of Reasons for Detention

I find that the accusations in the indictment and the information submitted in the Pretrial Services Agency report establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and by clear and

convincing evidence that no conditions will assure the safety of the community.

 I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:

1. Defendant is a 36 year old male born in the Philippines. He immigrated to the United States in 1990. A review of his immigration status is pending with U.S. Immigration and Customs Enforcement. He has a Philippine passport. He visited family in the Philippines for three months in 1998.

2. Defendant is one of eight children. His parents and three siblings reside in Houston and one sibling resides in New York. He reports that other family members live in the Philippines but are planning to relocate to the U.S. He is divorced and has two children he has not seen for years and for whom he does not pay child support. He has a history of frequent moves.

3. Defendant has a criminal history that includes convictions for driving while intoxicated, unlawful carrying of a weapon, and assault on a family member, and currently has outstanding warrants against him for aggravated assault with a deadly weapon and carrying a prohibited weapon. He also has several outstanding traffic warrants. Defendant has twice faced revocation proceedings for failing to report while on community supervision.

4. Defendant is currently charged with (1) possession of a firearm with an altered or obliterated serial number in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B); (2) receiving or possessing firearms which were made in violation of 26 U.S.C. §§ 5822, 5861(c) and 5871; (3) receiving or possessing unregistered firearms in violation of 26 U.S.C. §§ 5822, 5861(d) and 5871; (4) making of firearms capable of being concealed in violation of 26 U.S.C. §§ 5822, 5861(f) and 5871; and (5) possession of a firearm not identified by serial number in violation of 26 U.S.C. §§ 5842(b), 5861(i) and 5871. Count one has a potential penalty of up to 5 years in prison, the remaining charges carry potential penalties of up to 10 years in prison.

5. There is no condition nor combination of conditions of release which would assure the appearance of the defendant or the safety of the community. Detention is ordered.

Directions Regarding Detention

 It is therefore ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.

On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

    Signed at Houston, Texas on June 18, 2007.

*signature*
Stephen Wm Smith
United States Magistrate Judge